

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TRACY LYNN HOWARD | CIVIL ACTION NO. 04-2327 |
| -vs- | JUDGE DRELL |
| ARROW INTERNATIONAL, INC. | MAGISTRATE JUDGE KIRK |

# RULING

Presently before the Court are two motions filed by defendant, Arrow International, Inc. ("Arrow"). The first (Doc. 55) is a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all non-Louisiana Products Liability Act ("LPLA") causes of action. The second (Doc 56) is a motion to dismiss all claims on summary judgment. Because we grant the motion for summary judgment, there is no need to decide the Rule 12(b) motion, and it will be denied as moot.

The salient facts are well recited in the motion for summary judgment and need not be repeated in detail here. However, the main points are these: Mrs. Howard was hospitalized at Rapides Regional Medical Center in Alexandria during July 2003. Her hospitalization involved induction of a high risk pregnancy. In the course of her treatment, her anesthesiologist utilized an epidural catheter manufactured by Arrow. There was nothing unusual about the insertion; it is the removal of the catheter after the procedure which caused this action. Unfortunately, upon removal by a nurse, otherwise qualified to effect removal, the catheter fractured in two and a two centimeter portion

was left in Mrs. Howard's epidural space, creating the alleged damage and thus Mrs. Howard's claims. The remaining portion of the catheter apparently was not removed. The amount of actual damage to Mrs. Howard occurring from the existence of the foreign body would be at issue but is not addressed here because of the ruling dismissing these claims.

At the outset, we note that the ONLY defendant here is the manufacturer of the catheter. There are certainly other possible defendants, including Rapides Regional Medical Center and the nurse who attempted to remove the catheter, Vonetta Elie. Instead, here, counsel for Mrs. Howard argues that the fact of catheter fracture is a sufficient basis to keep the manufacturer in the action. Unfortunately the assertion is made without the furnishing of evidence at all in contradiction to the motion for summary judgment.

Still, we must examine the evidence that supports the motion to determine if the standard for grant of summary judgment has been satisfied in this case. Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence

2

of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992).

When filing its motion for summary judgment (Doc. 56), Arrow complied with LR56.1 by submitting a concise statement of undisputed material facts. The requirements for Mrs. Howard's opposition are set out in LR56.2, which provides in full:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. **All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted by this rule.**

Id. (emphasis added).

In support of her opposition to Arrow's motion for summary judgment, Mrs. Howard submitted her own statement of allegedly undisputed material facts (Doc. 74) but did not list a statement of disputed material facts as required by LR56.2. Thus, all of the material facts asserted by Arrow are deemed admitted.

As for the eight statements in Mrs. Howard's inadequate statement of material facts, most of them (i.e., Statements 1, 2, 3, 6, 7) appear to be verbatim copies or excerpts of items on Arrow's proper statement of material facts, while the remaining statements constitute mere allegations. For instance, Statement 4 alleges that the

3

epidural catheter "is defective in that it stretches excessively which leaves the product open for breakage,", while Statement 5 simply argues that the design could have been changed to prevent breakage. (Doc. 74, p. 2). Statement 8 alleges that the warnings are deficient because they "do not directly warn the nurse personnel, who are the ones actually charged with the removal of [Arrow's] catheter, of the dangers associated with its product." (Doc. 74, p. 2). Clearly, these statements are not undisputed fact but rather argument.

The result is that Arrow's entire statement of material facts (Doc. 56-2), deemed admitted, contains sufficient grounds for summary judgment. Without needlessly repeating the entire document, the most relevant facts are: (1) The epidural catheter contained specific warnings, advisories, and other information about the risk of breakage in the event excessive force was applied during removal. (2) The risk of breaking during removal due to excess force was a known risk. (3) The catheter broke off during removal by Nurse Vonetta Elie. (4) The testimony gathered in this case essentially agreed that the breaking was caused by excessive force being used in removing the catheter.

We do note one bit of anomalous testimony which may have provided food for thought toward denying the motion. Specifically, in the testimony of Dr. Charles Myers, Mrs. Howard's anesthesiologist, we see a measure of absolute doubt as to the cause of this catheter's having broken. Dr. Myers surmises two possibilities for the breakage. One is a defect in the catheter; the other is nurse user error in pulling too hard on the catheter during removal. Dr. Myers opined that the latter was, however, more likely

than the possibility of a catheter defect. Considering this testimony, the opening was certainly there for Mrs. Howard's counsel to establish the viability of his catheter defect comments. Again, no contraindicative evidence has been presented. The other witnesses testifying on the causation issue—including Mrs. Howard's own expert, Dr. Gerald D. Whitehouse—all agree that the most likely result of this breakage was excessive force administered by Mrs. Elie.

It is true that nurse Elie denied using excessive force, but the portion of her testimony submitted gives no indication of any other cause, other than her imprecise estimate of the amount of pulling force she used in attempting to extract the catheter. This testimony was submitted by Arrow. We can only assume no other portion of her deposition was more precise or it surely would have been presented in opposition to the motion for summary judgment.

In light of all of the above, there is no genuine issue of material fact remaining to preclude summary judgment. The uncontroverted facts show that Arrow had expressly warned against using excessive force in removing the epidural catheter and that Mrs. Elie applied excessive force, giving rise to the alleged harm complained of here—the broken catheter. Assuming there are actual damages in this case, there may be a culpable entity, but under the uncontroverted facts presented to the Court, that entity, as a matter of law, is not Arrow International, Inc.

Based on the foregoing, Arrow's motion for summary judgment (Doc. 56) is GRANTED. Arrow's motion to dismiss the non-LPLA claims (Doc. 55) is DENIED AS

MOOT, as the motion for summary judgment disposes of all of the plaintiff's claims in this matter.

Accordingly, by separate judgment, all of plaintiff's claims against Arrow, the only remaining defendant, will be DISMISSED WITH PREJUDICE.

SIGNED on this 11 day of February, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE